UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

JULIEN BOURHIS, and other similarly )
situated individuals, )
                                              )
                Plaintiff(s), )
                                              )
v. )
                                              )
MY TRADE LLC d/b/a NOD d/b/a JAAVAN )
d/b/a M PATIO FURNITURE, MOHAMED )
HADJ-MERABET, and SEBBAH Y. HADJ- )
MERABET a/k/a Yamina Sebbah, )
                                              )
                Defendants. )
_____ )

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiff, JULIEN BOURHIS ("Plaintiff") and other similarly situated individuals, sue the Defendants, MY TRADE LLC d/b/a NOD d/b/a JAAVAN d/b/a M PATIO FURNITURE ("Jaavan" or "Corporate Defendant"), MOHAMED HADJ-MERABET ("Mohamed" or "Individual Defendant"), and SEBBAH Y. HADJ-MERABET a/k/a Yamina Sebbah ("Sebbah" or "Individual Defendant") (collectively the "Defendants") and allege:

**JURISDICTION**

1.      This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"). The Court has supplemental jurisdiction over Florida Whistle Blower law claims brought under

Chapter 448, Florida Statutes. The facts regarding Plaintiff's state law claims are so related to the Federal claims that they form part of the same case or controversy.

## VENUE

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the Act.

3. Defendants are a Florida company and Florida residents, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendants, upon information and belief, reside in Miami-Dade County, Florida.

## COUNT I: WAGE AND HOUR VIOLATION BY
## MY TRADE LLC d/b/a NOD d/b/a JAAVAN d/b/a M PATIO FURNITURE
## (UNPAID OVERTIME)

4. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was

engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

7. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is in the business of selling furniture throughout Miami-Dade and Broward Counties and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a web designer and salesperson for the Corporate Defendant's business.

8. While employed by the Corporate Defendant, Plaintiff worked approximately an average of 51 hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed.

9. Plaintiff worked for the Corporate Defendant from approximately May 15, 2014, to July 3, 2015. In total, Plaintiff worked approximately 60 compensable weeks under the Act.

10. The Corporate Defendant paid Plaintiff on average approximately $27.45 per hour.

11. However, the Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

12. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of his unpaid overtime wages is as follows:

   a. **Actual Damages: $9,058.50**

      i. Calculation: $27.45 (hourly pay) x 0.5 (overtime rate) x 11 (approximate number of overtime hours) x 60 (compensable weeks) = $9,058.50

   b. **Liquidated Damages: $9,058.50**

   c. **Total Damages: $18,117.00** plus reasonable attorneys' fees and costs of suit.

13. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid

employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

14. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

15. The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

16. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

**COUNT II: WAGE AND HOUR VIOLATION BY
MOHAMED HADJ-MERABET and SEBBAH Y. HADJ-MERABET a/k/a Y.HADJ-
MERABET (UNPAID OVERTIME)**

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

18. At the times mentioned, the Individual Defendants were, and are now, the Owners and/or Officers of the Corporate Defendant. The Individual Defendants were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that these defendants acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated. The Individual Defendants had operational control of the Corporate Defendant, were involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with his work schedule, and are jointly liable for Plaintiff's damages.

19. The Individual Defendants are and were at all times relevant persons in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

20. The Individual Defendants willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

21. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## COUNT III: FEDERAL (FLSA) STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) – RETALIATORY DISCHARGE AGAINST ALL DEFENDANTS

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21, as if set out in full herein.

23. Defendants willfully and intentionally refused to pay Plaintiff his legally owed wages as required by the laws of the United States and remain owing Plaintiff these wages as set forth above.

24. 29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or *related to this chapter*, or has testified or is about to testify in such proceeding . . . ." (emphasis added)

25. On or about July 2 or 3, 2015, Plaintiff complained to Defendants, in writing, via his attorney, of the failure to pay overtime to Plaintiff. See Demand Letter attached hereto as **Exhibit "A."**

26. Upon receiving the demand letter from Plaintiff's attorney, Defendants fired Plaintiff that same day.

27. The motivating factors, which caused Plaintiff's termination as described above, was his demand or complaint seeking the payment of unpaid overtime wages from the Defendants. In other words, Plaintiff would not have been terminated but for his complaint about unpaid overtime wages.

28. Defendants' termination of Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter a judgment against the Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Order reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

### COUNT IV: VIOLATION OF FLORIDA PRIVATE WHISTLEBLOWER ACT BY THE CORPORATE DEFENDANT

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

30. This is an action to recover damages resulting from unlawful and retaliatory discharge.

31. Jurisdiction is proper because Plaintiff seeks more than $15,000 in damages exclusive of costs, interest and attorney's fees and pursuant to Article V, §20(e)(3) of the Florida Constitution and Fla. Stat. §26.012(2)(c) (1995) because Plaintiff seeks equitable relief.

32. Venue is proper in this district because Plaintiff was employed in Miami-Dade County by the Corporate Defendant, which at all times relevant hereto had and still has offices in Miami-Dade County, and pursuant to Florida Statutes §448.103 (1)(b) because the retaliatory personnel actions occurred in Miami-Dade County.

33. All conditions precedent to bringing this action have occurred, been performed or been excused.

34. The Corporate Defendant is in the business of selling furniture throughout Miami-Dade and Broward Counties.

35. Plaintiff was a person who performed services for and under the control and direction of the Corporate Defendant for wages or other remuneration. Specifically, the Plaintiff worked as a web designer and sales person for the Corporate Defendant.

36. Plaintiff was an employee of the Corporate Defendant who objected to or refused to participate in an activity or practice of the employer which is in violation of a law, rule or regulation.

37. Specifically, the Corporate Defendant engages in a practice or activity of subjecting its employees, including Plaintiff, to work:

    a. In an office space infested with rats, mice, roaches, and mosquitoes;

    b. In the middle of and in close proximity to rat and mice droppings, and animal urine;

    c. Surrounded by the stench of foul pest and rodent odors on a daily basis; and

    d. Enduring at least 10 to 20 mosquito bites on a daily basis.

38. Plaintiff specifically objected to the Corporate Defendant's practice or activity of subjecting employees to work under the conditions listed in paragraph 37.

39. The work environment created by the Corporate Defendant is in violation of the Occupational Safety and Health Standards Act ("OSHA"). Specifically, the activities or practices referenced in paragraph 37 are in direct violation of 29 U.S.C. § 654, which in its relevant part states:

> **(a) Each employer—**
> **(1) shall furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees;**
> **(2) shall comply with occupational safety and health standards promulgated under this chapter.**
>
> **(b) Each employee shall comply with occupational safety and health standards and all rules, regulations, and orders issued pursuant to this chapter which are applicable to his own actions and conduct.**

40. Plaintiff objected to, or refused to participate in an activity, policy, or practice of the Corporate Defendant, which is in violation of the above law, rule, or regulation (29 U.S.C. § 654).

41. Because the Plaintiff objected to the above-mentioned illegal practice or activity of the Corporate Defendant, the Corporate Defendant ignored Plaintiff and continued subjecting him to the conditions listed in paragraph 37 and ultimately fired Plaintiff.

42. The Corporate Defendant's requirement that the Plaintiff continue working under the conditions outlined in paragraph 37 and the subsequent termination of the Plaintiff were in violation of Fla. Stat. §448.102(3), which provides that "[a]n employer may not take any retaliatory personnel action against an employee because the employee: objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

43. The Corporate Defendant is a firm, partnership, institution, corporation, or association that employs ten or more persons and is therefore an "employer" under Florida law.

44. As a result of the Corporate Defendant's wrongful termination, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands damages against the Corporate Defendant for violation of Florida's Private Sector Whistle-blower's Act (Section 448.102, Fla. Stat.), including but not limited to all relief available under Section 448.103, Fla. Stat., such as:

A. An injunction restraining continued violation of this statute;

B. Reinstatement of Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position;

C. Reinstatement of full fringe benefits and seniority rights;

D. Compensation for lost wages, benefits, and other remuneration;

E. Any other compensatory damages allowable at law;

F. Attorney's fees, court costs and expenses; and

G. Such other relief this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues so triable as of right.

Dated: July 15, 2015.

          Respectfully submitted,

          By:  /s/ R. Martin Saenz
          R. Martin Saenz, Esquire
          Fla. Bar No.: 0640166
          Email: msaenz@saenzanderson.com
          Netali Peles, Esquire
          Fla. Bar No.: 84558
          Email: npeles@saenzanderson.com
          SAENZ & ANDERSON, PLLC
          20900 NE 30th Avenue, Ste. 800
          Aventura, Florida 33180
          Telephone: (305) 503-5131
          Facsimile:  (888) 270-5549