

# SAENZ & ANDERSON
### ATTORNEYS AT LAW

Ruben Martin Saenz
Ilona Demenina Anderson

20900 NE 30th Ave, Suite 800
Aventura, Florida 33180
Telephone (305) 503-5131
Telefax (888) 270-5549

MSAENZ@SAENZANDERSON.COM
ILONA@SAENZANDERSON.COM

July 2, 2015

**\*\*\* <u>SENT VIA REGULAR AND CERTIFIED U.S. MAIL and FAX</u> \*\*\***

| | |
|---|---|
| MY TRADE LLC d/b/a NOD d/b/a JAAVAN d/b/a M Patio Furniture<br><br>And<br><br>MOHAMED HADJ-MERABET and SEBBAH Y. HADJ-MERABET a/k/a Yamina Sebbah | 7227 NW 32nd Street<br>Miami, Florida 33122<br><br>7272 NW 33rd Street<br>Miami, Florida 33122<br><br>102 NE 22nd Street<br>Miami, Florida 33137<br><br>Fax:<br>305-671-5336<br>305-359-5740<br>786-409-4875 |

Re: JULIEN BOURHIS and Other Similarly Situated Individuals
<u>NOTICE OF INTENT TO INITIATE LITIGATION</u>

Please be advised that the undersigned represents **Julien Bourhis** ("my client") with regard to unpaid overtime wages and the abusive, discriminatory, unsafe, unsanitary, and hostile work environment he has been subjected to while employed by MY TRADE LLC d/b/a NOD d/b/a JAAVAN d/b/a M Patio Furniture; MOHAMED HADJ-MERABET; and SEBBAH Y. HADJ-MERABET a/k/a Yamina Sebbah (collectively "You" or "Jaavan"). I am writing this letter in order to provide you with an opportunity to fully and finally settle all claims before litigation is commenced. If you have legal counsel, please forward this letter to them. If there are other parties or entities that may be liable, please notify them and the undersigned immediately. If you are not the president/owner, or if there is another corporate officer who this correspondence should be directed to, please direct this correspondence to them and advise me immediately.

www.saenzanderson.com



## BACKGROUND

As you are aware, Mr. Julien has worked as a website consultant and sales associate for You since approximately May 15, 2014. Mr. Bourhis at all times has performed his work admirably and to industry and Jaavan's standards. In fact, due to Mr. Bourhis' work optimizing your website, You now sell more than You have ever sold at any of your stores. Below is a brief, and by all means not an all-inclusive summary of the illegal, discriminatory, unsanitary, and deplorable working conditions to which Mr. Bourhis is subjected to while employed by Jaavan.

## HOSTILE, UNSAFE, AND DISCRIMINATORY WORK ENVIRONMENT

During his employment with your company, You have subjected my client to work in a store **infested with rats, mice, roaches and mosquitoes**. Not one day goes by without my client working in the middle of **rats and mice droppings**, in close proximity to desks and documents with **animal urine**, breathing in the **stench of foul pest odors**, and at least **10 to 20 daily mosquito bites** in my client's arms, legs, and head!

The environment in which You make Mr. Bourhis work is not only absurdly grotesque, but also illegal.

About a week ago, my client complained to You about the above-referenced horrendous conditions of his workplace. In response (or lack thereof), You have simply retaliated against my client by ignoring him and not taking any effective remedial actions to procure my client's well-being and health. Your actions or inactions have now caused Mr. Bourhis mental pain, rashes in his arms and body, and respiratory problems. Mr. Bourhis is currently seeking medical help to diagnose him and treat him for the foregoing inflictions.

## UNPAID WAGES AND VIOLATION OF FEDERAL LAW

While employed by You (approximately 60 weeks), my client worked an average of 51 hours per week and Jaavan paid him approximately $1,400 per week (including commissions). However, You did not properly pay overtime to my client. Thus, you owe Mr. Bourhis the following amounts in unpaid overtime:

a. **Actual Damages:** $9,037.25
   i. <u>Calculation</u>: $1400 (weekly pay)/ 51 hours x .5 (overtime rate) x 11 (approximate number of overtime hours) x 60 (approximate compensable weeks) = $9,037.25
b. **Liquidated Damages:** $9,037.25
c. **Total Damages:** $18,074.51 (actual damages plus liquidated damages as permitted by law) plus reasonable *attorneys' fees*.

## LIABILITY AND DAMAGES

As you should be aware, an employer is liable for exposing its employees to hazardous working conditions. In addition, an employer is also liable to non-exempt employees for overtime under the law (*see* relevant sections of the law enclosed).

Mr. Bourhis has been emotionally and financially damaged as a result of the non-compliant and unsafe work environment you subject him at Jaavan. I have represented numerous individuals for discrimination, hostile work environment, unpaid wages, and retaliation claims; however, I find Your behavior to be one of the to be one of the worst I have come across.

If Jaavan has any liability insurance, which may cover this claim, then by all means, forward this letter to your insurance carrier. However, if there is no insurance, please be advised that Jaavan and the individuals identified above, will be solely responsible for satisfying any judgment that most likely will result if this case proceeds to a jury verdict. Please be advised that I have yet to handle a similar case, which was not reasonably settled at the outset, where the defense costs have not exceeded well over $100,000, sometimes ten times more. This is in addition to the substantial attorney fees of my client for which You will ultimately be responsible. I find these types of cases are very labor intensive once litigation begins, primarily due to the extensive discovery and numerous depositions that must be taken of employees and former employees.

In addition to the exposure to attorney fees and costs, the disruption to Jaavan's business because of forthcoming investigations and numerous depositions, will be considerable. As you are aware, this most likely will negatively affect employee morale. In addition to compensatory damages to which my client will clearly be entitled, the deplorable working conditions and the resulting mental and physical damages to my client, make You especially susceptible to a large punitive damage award. A case such as this in the hands of a jury or judge could be well into the six, even seven figures.

## SETTLEMENT OPTION

It has been my practice in the past to provide the employer an opportunity to settle all claims before litigation is commenced. Once we conclude our investigations, we will file suit based on causes of action under the Florida Whistleblower Act, the Fair Labor Standards Act, negligent and intentional infliction of emotional distress, and negligent supervision.

If the following conditions are met, I have been authorized by my client to drop all potential claims against Jaavan and to execute the necessary releases and agreements:

1. A check made payable to Saenz and Anderson, PLLC's Trust Account shall be tendered to the offices of Saenz and Anderson, PLLC no later than Friday, **July 17, 2015**, in the amount of **$375,000**. This figure is meant to compensate my client for all of his damages, including pain and suffering and other damages normally associated with a hostile work environment, retaliation, and a personal injury claim. The release shall clearly

state that he is releasing Jaavan and all associated entities from any further liability for any claims whatsoever, and that this figure represents the settlement of a claim based on personal injury and tort.

2. A second check made payable to Saenz and Anderson's Trust Account shall be tendered to the offices of Saenz and Anderson, PLLC no later than Friday, **July 17, 2015**, in the amount of **$18,000**. This figure is meant to compensate my client for all of his unpaid overtime wages. The release shall clearly state that he is releasing Jaavan and all associated entities from any further liability for any claims whatsoever, and that this figure represents the settlement of a claim based on unpaid overtime wages.

Jaavan has absolutely no defenses in this case and it obviously would be in Jaavan's best interest to amicably resolve this case at an early juncture. My client is willing to do so in order to put this behind him and move on with his life. If these conditions have not been met by July 17, 2015, our offer to settle will be null and void and thereafter our demand will increase accordingly. In the alternative, if you wish to mediate this case before the lawsuit is filed, please contact me.

Under no circumstances are any Jaavan's officers, managers, employees or agents to contact my client. All communications are to be directed to the undersigned.

**YOU ARE HEREBY PUT ON NOTICE THAT WE INTEND ON FILING A CIVIL LAWSUIT AND IT IS YOUR DUTY TO PRESERVE ANY AND ALL RECORDS AND EVIDENCE THAT PERTAIN TO MR. BOURHIS' CLAIMS AND/OR EMPLOYMENT.**

If you do not understand the above or have any questions, please contact the undersigned.

Sincerely,

R. Martin Saenz

*This letter is written for settlement purposes and pursuant to the Fed.R.Civ.P., Fla.R.Civ.P., federal and Florida rules of evidence, and statutory and common law. It shall not be admissible in federal or state court without the consent of Mr. Bourhis.

## 29 USC § 207

... Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

## 29 USC § 216

... Any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, **and in an additional equal amount as liquidated damages**.

... An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action **shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.**