UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 15-CV-22674 MOORE/MCALILEY

JULIEN BOURHIS,

       Plaintiffs,

vs.

MY TRADE LLC, et. al.

       Defendants.

----------------------------------------------------------

## DEFENDANTS' MOTION TO DISMISS

The Defendants, MY TRADE LLC D/B/A NOD D/B/A/ JAAVAN D/B/A M PATIO FURNITURE, MOHAMED HADJ MERABET, SEBBAH Y. HADJ-MERABET, by its counsel, moves this Court to dismiss Plaintiff's Complaint and states as follows

## THIS COURT SHOULD DISMISS COUNTS I AND II

1. That Plaintiff's Complaint seeks a total of $9,058.50 in actual damages for unpaid overtime and $9,058.50 for liquidated damages arising from said claim against the Defendant Corporation in Count I and the individual Defendants in Count II. .

2. That Plaintiff is alleging these damages, as calculated, in the following manner: 1) that Plaintiff worked approximately 60 weeks for the Defendants (see Complaint at paragraph 9), (2) that Plaintiff worked an average of 51 hours per week during this 60 week period (see Complaint at paragraph 8), and (3) that Defendants paid Plaintiff "approximately" an average of $27.45 per hour during this 60 week time period (see Complaint at paragraph 10).

3. That Defendants are seeking a dismissal of Counts I and II as the Complaint fails to state a cause of action in that fails to calculate overtime consistent with 29 CFR 778.104 which under the Act takes a single workweek as its standard and does not

       permit averaging of hours over 2 or more weeks. (See 29 CFR 778.104). The Complaint therefore, must determine at a minimum the number of overtime hours Plaintiff worked <u>each</u> week and seek damages for those overtime hours worked each week that were not paid. <u>Id.</u>

4. That the Complaint by failing to allege any unpaid overtime for any given week of work performed by the Plaintiff for the Defendants necessitates the Complaint be dismissed for failing to state a claim. <u>Id</u>.

WHEREFORE Defendants are seeking dismissal of Counts I and II as described herein with an award regarding attorney's fees and costs in favor of Defendants.

## **THIS COURT SHOULD DISMISS COUNT III**

5. Under Count III, Plaintiff has filed a claim against the corporate Defendant contending his termination was unlawful retaliation under 29 U.S.C. 215 (a)(3).

6. That the Defendants seeks to incorporate the arguments above herein for Counts I and II in support of its dismissal of Count III. Specifically, the allegations of overtime have not been legally calculated or asserted on a weekly basis as is required under the Act (more fully explained above). In fact, what is clear, is that counsel for Plaintiff incorrectly calculated any unpaid overtime that may be due in this Complaint and in the correspondence as alleged sent to Defendants in Plaintiff's Complaint.

7. That as such, Defendants could not be guilty of unlawfully retaliating by terminating Defendant for unlawful unpaid overtime when the allegations themselves of unpaid overtime, and correspondence of same, are erroneous and lacking in viable claims.

WHEREFORE Defendants are seeking dismissal of Counts III as described herein with an award regarding attorney's fees and costs in favor of Defendants.

## THIS COURT SHOULD DISMISS COUNT IV

8. Under Count IV, Plaintiff has filed suit against the corporate Defendant, contending his termination was unlawful retaliation for "blowing the whistle," in violation of the § 448.102, Fla. Stat. (2009) ("Florida Whistleblower's Act" or "FWBA") . Under the FWBA an employer may not take any retaliatory personnel action against an employee because the employee has:

    (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.

    (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.

    (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation. (See § 448.102, Fla. Stat. (2009). (See Juarez v. New Branch Corp., 67 So. 3d 1159 (Fla. 3d DCA 2011) and § 448.102, Fla. Stat. (2009)).

9. That in Juarez v. New Branch Corp., the employee pointed out to a co-employee, who was the employer's owner's wife, that she had incorrectly ironed an item. The wife tried to trip the employee so that she would fall; the following day, the wife attacked the employee, and police were called. The employee later obtained a restraining order against the wife. The court held that workplace violence was a hazard prohibited by the Occupational Safety and Health Act (OSHA) and that OSHA was a law

applicable to the employer, satisfying §448.102(3) and (4). The employee "objected" by filing a police report and obtaining a restraining order. However, her complaint was to the police, not the Occupational Safety and Health Administration, and her complaint was against the wife, not her employer. Additionally, the employee failed to offer any evidence that the violence committed by the wife was an activity, policy, or practice of the employer, or that the battery was committed within the scope of the wife's employment.  Thus, the case in Juarez v. New Branch Corp. was dismissed by the Court for lacking to meet the elements to satisfy a valid cause of action under §448.102, Fla. Stat. (2009). Id.

10. As in the case of Juarez v. New Branch Corp., the Plaintiff's Complaint as it relates to Count IV should be dismissed for failing to properly assert allegations sufficient to bring an action against Defendants for violating §448.102, Fla. Stat. (2009). Specifically, Plaintiff alleges in paragraph 37 of the Complaint that the corporate Defendant subjected the Plaintiff to working as: a) a search engine optimizer and salesperson in a store in office space infested with rats, mice, roaches and mosquitoes, b) in close proximity to animal droppings and urine, c) surrounded by odor and d) subjected to 10-20 mosquito bites a day.   Further, that the statute cited in paragraph 39 of Plaintiff's Complaint alleges that the facts above arise to a violation that was likely to cause death and/or serious harm to Plaintiff in violation of 29 USC §674.

11. That for one, the office being infested with rats, mice, roaches and mosquitoes, and animal droppings and urine, with odor and mosquito bites, on its face, are not likely to cause death and/or serious harm to Plaintiff as alleged and are not a violation of 29 USC §654.  .Second, Plaintiff didn't allege he objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation alleged in paragraph 37 of the Complaint.  Third, Plaintiff fails to allege he

provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.  Thus, the elements of Count IV fail to properly allege a cause of action under §448.102, Fla. Stat. (2009).  (Compare <u>Juarez v. New Branch Corp.</u>, 67 So. 3d 1159 (Fla. 3d DCA 2011)).

WHEREFORE Defendants are seeking dismissal of Count IV as described herein with an award regarding attorney's fees and costs in favor of Defendants.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. mail on the  8th  day of September, 2015 to: R. MARTIN SAENZ, SAENZ & ANDERSON PLLC, Attorney for Plaintiff, 20900 NE 30th Avenue, Ste. #800, Aventura, FL 33180.

**LAW OFFICES OF DAVID S. HARRIS**
6431 SW 39th Street
Miami, FL 33155-4813
Telephone:  (305) 667-9043
Facsimile:  (305) 667-9044

BY:   /s  David S. Harris
        David S. Harris, Esq.