UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 15-CV-22674-MOORE/MCALILEY

| | |
|---|---|
| JULIEN BOURHIS, and other similarly situated individuals, | ) ) ) |
| Plaintiff(s), | ) ) |
| v. | ) ) |
| MY TRADE LLC d/b/a NOD d/b/a JAAVAN d/b/a M PATIO FURNITURE, MOHAMED HADJ-MERABET, SEBBAH Y. HADJ-MERABET a/k/a Y. HADJ-MERABET, | ) ) ) ) ) |
| Defendants. | ) ) ) |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiff JULIEN BOURHIS ("Plaintiff") files this Response to the Defendants' MY

TRADE LLC d/b/a NOD d/b/a JAAVAN d/b/a M PATIO FURNITURE, MOHAMED HADJ-

MERABET, SEBBAH Y. HADJ-MERABET a/k/a Y.HADJ-MERABET (collectively the

"Defendants") Motion to Dismiss and requests this Court deny the motion, and award Plaintiff

attorney fees, for the reasons set forth below.

### I.    INTRODUCTION

1.    On September 8, 2015, Defendants filed their Motion to Dismiss the Complaint

(the "Motion"), requesting that the Court dismiss all counts of the Complaint on the basis that

Plaintiff failed to state a cause of action. [D.E. # 22].

2.    Specifically, Defendants' basis for the Motion is that Plaintiff has failed to

comply with 29 CFR 778.104, which requires the calculation of hours worked in the workweek

1

to be taken from average hours worked in one week, and does not allow averaging of hours for two or more weeks[1].

3.      However, Defendants are wrong, as the Complaint clearly breaks down the calculation of average hours worked on a **weekly** basis. *See* Complaint [DE #1, ¶¶ 8-12]. Plaintiff further notes that even if the damages were calculated incorrectly, this would not warrant a dismissal under the law.

4.      It is apparent that the Motion is based upon a mere improper reading of the Complaint, whether carelessly or on purpose, and an improper application of the procedural law of the courts of this land, because Defendants' arguments and statements are factually misplaced, as evidenced upon a review of the four corners of the Complaint. The Motion therefore can only be interpreted as a delay tactic wasting the time and resources of this Court and all involved parties and Plaintiff further requests this Court award attorney fees in having to respond to the Motion.

## II.     MEMORANDUM OF LAW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff

---

[1] 29 CFR § 778.104, entitled "Each workweek stands alone," states:

> The Act takes a single workweek as its standard and does not permit averaging of hours over 2 or more weeks. Thus, if an employee works 30 hours one week and 50 hours the next, he must receive overtime compensation for the overtime hours worked beyond the applicable maximum in the second week, even though the average number of hours worked in the 2 weeks is 40. This is true regardless of whether the employee works on a standard or swing-shift schedule and regardless of whether he is paid on a daily, weekly, biweekly, monthly or other basis. The rule is also applicable to pieceworkers and employees paid on a commission basis. It is therefore necessary to determine the hours worked and the compensation earned by pieceworkers and commission employees on a weekly basis.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Bishop v. Ross Earle & Bonan, P.A.*, 2015 U.S. Dist. LEXIS 61305, 4-5 (S.D. Fla. May 11, 2015) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

The purpose of a motion to dismiss under Rule 12(b)(6) "is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the or the substantive merit of the plaintiff's case." 5A Wright & Miller, Federal Practice & Procedure: Civil 3d § 1356 (3d ed. 2004). In ruling on a motion to dismiss, therefore, the scope of the Court's review is "limited to the four corners of the complaint." *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). Moreover, a complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**III.    COUNTS I AND II ARE SUFFICIENT AND SHOULD NOT BE DISMISSED**

As stated above, Defendants are seeking a dismissal of Counts I and II on the basis that the Complaint does not "state a cause of action in that [it] fails to calculate overtime consistent with 29 CFR 778.104 which under the Act takes a single workweek as its standard and does not permit averaging of hours over 2 or more weeks." *See* Motion [DE #22, ¶ 3].

First, a Plaintiff is not required to allege an hourly rate of pay in the Complaint in order to properly state a cause of action. It is the employer's responsibility of keeping records of hours

worked by employees and payment of wages. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); 29 C.F.R. 516.2. Thus, even if Plaintiff did not base the calculation according to 29 CFR 778.104, this does not warrant a dismissal of the Complaint. *See Labbe*, 319 Fed. App'x at 763. In that case, the Eleventh Circuit stated the *prima facie* elements of a claim under the FLSA:

> Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act.

*Id.*; *see also Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008) (explaining that to establish a *prima facie* FLSA case, an employee must demonstrate (1) an employment relationship; (2) that the employee was engaged in interstate commerce; and (3) that the employee worked over forty hours per week but was not paid overtime wages); *Powell v. Morton Plant Mease Health Care, Inc.*, 174 Fed. App'x 520, 521 (11th Cir. 2006) (same).

In *Spigner v. Lessors Inc.*, 2011 U.S Dist. Lexis 41729 (M.D Fla. 2011), a sister Court found the following allegations sufficient to state an FLSA overtime claim: (a) that the Plaintiff was an employee engaged in commerce and the Defendant was an enterprise and employer within the meaning of the FLSA; (b) that the Plaintiff worked over 40 hours in a work week for which the defendant failed to pay him overtime; and (c) that the Plaintiff was not exempt. *Id.* at *4-6. In *Horwitz v. 13 Café & Lounge, Inc.*, 2010 U.S. Dist. Lexis 137514 (M.D. Fla. 2010), a Court denied the Defendant's Motion to Dismiss, finding the following facts stated an FLSA overtime claim: (a) that the Defendant was an enterprise and was Plaintiffs' employer; (b) that the Plaintiffs worked overtime for which they were not properly compensated; and (c) that the Plaintiffs were non-exempt. All such *prima facie* elements are alleged in Plaintiff's Complaint.

Moreover, even if Plaintiff was required to allege the number of hours worked per week in order to state a claim, Plaintiff has in fact sufficiently done so. Despite Defendants' incorrect assumption, the hourly rate of pay stated in the Complaint is based on a single workweek. *See* Complaint [D.E. #1, ¶ 8]. Specifically, Plaintiff alleges that he worked 60 weeks, and that his calculation of overtime hours worked is calculated on a per week basis.

## IV.   COUNT III IS SUFFICIENT AND SHOULD NOT BE DISMISSED

Count III of the Complaint is a claim for retaliation. Defendants seek to dismiss Count III on the same basis on which they seek to dismiss Counts I and II: arguing that because Plaintiff failed to properly allege unpaid overtime, then by default Plaintiff has failed to state a claim for retaliation. This argument is nonsensical and untrue.  First, a party may state as many separate claims or defenses as it has, regardless of consistency.  *Siemens Energy, Inc. v. Theda H. Goodridge*, 276 F.R.D. 540 (M.D. Ala. 2011)(citing Fed. R. Civ. P. 8(d)(2)).

Second, as stated above, the argument that Plaintiff failed to properly allege unpaid overtime does not stand.

And finally, the analysis of FLSA retaliation claims is similar to the analysis of retaliation claims under Title VII. *See EEOC v. White and Sons Enters.*, 881 F.2d 1006 (11th Cir.1989) (FLSA and Title VII retaliation claims). There is no requirement that an *actual* wage and hour violation occur. A reasonable subjective belief by the Plaintiff that he should be compensated for overtime is sufficient. *Id*. at 1012, fn. 5.

Accordingly, Plaintiff has sufficiently pled the elements necessary for a claim of retaliation.

## V.    COUNT IV IS SUFFICIENT AND SHOULD NOT BE DISMISSED

In arguing for the dismissal of Count IV, Defendants are attempting to argue the facts of the case, which is improper and prohibited under the law at this stage of the litigation. "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corporation,* 550 U.S. at 555.

Specifically, Defendants state: "That for one, the office being infested with rats, mice, roaches and mosquitoes, and animal droppings and urine, with odor and mosquito bites, on its face, are not likely to cause death and/or serious harm to Plaintiff as alleged and are not a violation of 29 USC §654." [D.E. #22, ¶11].

Whether the office conditions are likely to cause death and/or serious harm is a factual issue, and Defendants' subjective opinion on the topic is irrelevant and improper in a motion to dismiss.

Second, Defendants falsely argue that "Plaintiff didn't allege he objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation alleged in paragraph 37 of the Complaint." [D.E. #22, ¶11]. Plaintiff refers Defendants and the Court to paragraph 25 of the Complaint, which states: "On or about July 2 or 3, 2015, Plaintiff complained to Defendants, in writing, via his attorney, of the failure to pay overtime to Plaintiff." [DE # 1, ¶ 25].

## VI.    PLAINTIFF SHOULD BE AWARDED ATTORNEY FEES

Section 1927 of 28 U.S.C. provides that "[a]ny attorney . . . who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such

conduct." An attorney engages in conduct that violates Section 1927 when the attorney's actions are "tantamount to bad faith." *Spolter v. Suntrust Bank*, 403 Fed. Appx. 387, 390 (11th Cir. 2010).

Furthermore, the Court has inherent powers to impose sanctions to achieve the orderly and expeditious disposition of cases where a party's conduct disrupts or impairs the judicial process, especially where there is bad-faith conduct. As the Supreme Court indicated in *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45, 50 (1991):

> [I]t is firmly established that "[t]he power to punish for contempt is inherent in all courts." This power reaches both the conduct before the court and that beyond the court's confines, for "[t]he underlying concern that gave rise to the contempt power was not ... merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." (internal citations omitted).
> . . .
>
> [W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.

*Id.*; *see also Byrne v. Nezhat,* 261 F.3d 1075 (11th Cir. 2001).

Defendants' claims asserted in the Motion are made in bad-faith and for the purpose of delaying and unreasonably multiplying litigation. Defendants' counsel was aware of the arguments' misleading nature when preparing the Motion, because they contradict the law and the plain language of the Complaint. As such, sanctions in the form of an award of attorney's fees to Plaintiff are warranted against Defendants and their counsel pursuant to 28 U.S.C. § 1927 and the inherent power of the Court.

**WHEREFORE**, Plaintiff requests this Court deny the Defendants' Motion to Dismiss, and award Plaintiff reasonable attorney's fees for having to respond to the subject motion.

Dated: **September 24, 2015.**

Respectfully submitted,

By:  /s/ Netali Peles
Netali Peles, Esquire
Fla. Bar No.: 84558
Email: npeles@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile:  (888) 270-5549

## CERTIFICATE OF SERVICE

I hereby certify that on **September 24, 2015**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: **s/ *Netali Peles* _____**

## <u>SERVICE LIST</u>

**Bourhis v. Jaavan**
Case No. 15-CV-22674-MOORE/MCALILEY
**United States District Court, SOUTHERN District of Florida**

R. Martin Saenz
E-Mail: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Suite 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff(s)*

David S. Harris, Esq.
E-Mail: davidharris@att.net
The Law Offices of David S. Harris
6431 SW 39th Street
Miami, Florida 33155
 T: 305-667-9043 F: 305-667-9044

Netali Peles
E-Mail: npeles@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Suite 800
Aventura, Florida  33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff(s)*