UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 15-CV-22674 MOORE/MCALILEY

JULIEN BOURHIS,

    Plaintiffs,

vs.

MY TRADE LLC, et. al.

    Defendants.

-----------------------------------------------------------

### DEFENDANTS' SURREPLY TO ITS MOTION TO DISMISS

The Defendants, MY TRADE LLC D/B/A NOD D/B/A/ JAAVAN D/B/A M PATIO FURNITURE, MOHAMED HADJ MERABET, SEBBAH Y. HADJ-MERABET, by its counsel, files this surreply to its Motion to Dismiss Court to dismiss and states as follows

1. That Plaintiff is alleging these damages, as calculated, in the following manner: 1) that Plaintiff worked approximately 60 weeks for the Defendants (see Complaint at paragraph 9), (2) that Plaintiff worked an average of 51 hours per week during this 60 week period (see Complaint at paragraph 8).

2. That Plaintiff has filed this Complaint and has refused to specify the hours worked each week in his Complaint (and Statement of Claim as well) simply as a "fishing expedition" in the hope of finding an overtime violation through discovery. Although the court is required to take factual allegations in a complaint as true at the outset of a lawsuit, it is not required to accept bare-bones allegations or mere legal conclusions.

3. In Lundy v. Catholic Health Sys. of Long Island, 711 F.3d 106 (2d Cir. 2013), the court held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Id. Although the court "declined to

make an approximation of overtime hours a necessity in all cases," it noted that "an approximation 'may help draw a plaintiff's claim closer to plausibility.'" Id. The court affirmed dismissal of the complaint because even though the plaintiff alleged approximations of the hours worked, the allegations did not "get beyond forty hours in any given week." Id.

4. Under Count III, Plaintiff has filed a claim against the corporate Defendant contending his termination was unlawful retaliation under 29 U.S.C. 215 (a)(3).

5. That the Defendants seeks to incorporate the arguments above herein for Counts I and II in support of its dismissal of Count III. Specifically, the allegations of overtime have not been legally calculated or asserted on a weekly basis as is required under the Act (more fully explained above). In fact, what is clear, is that counsel for Plaintiff incorrectly calculated any unpaid overtime that may be due in this Complaint and in the correspondence as alleged sent to Defendants in Plaintiff's Complaint.

6. That as such, Defendants could not be guilty of unlawfully retaliating by terminating Defendant for unlawful unpaid overtime when the allegations themselves of unpaid overtime, and correspondence of same, are erroneous and lacking in viable claims.

7. For Counts III and Count IV, Defendants maintain the arguments raised in their Motion to Dismiss herein together with the arguments above for Count III in support of its Motion to Dismiss.

WHEREFORE Defendants are seeking dismissal of Counts I, II, III and IV as described herein with an award regarding attorney's fees and costs in favor of Defendants.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. mail on the  5th  day of October, 2015 to: R. MARTIN SAENZ, SAENZ & ANDERSON PLLC,

Attorney for Plaintiff, 20900 NE 30th Avenue, Ste. #800, Aventura, FL 33180.

                                       **LAW OFFICES OF DAVID S. HARRIS**
                                       6431 SW 39th Street
                                       Miami, FL 33155-4813
                                       Telephone:  (305) 667-9043
                                       Facsimile:  (305) 667-9044

                         BY:   /s/ David S. Harris_____
                               David S. Harris, Esq.