UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 15-CV-22674-MOORE/GARBER

JULIEN BOURHIS, and other similarly )
situated individuals, )
 )
              Plaintiff(s), )
 )
v. )
 )
MY TRADE LLC d/b/a NOD d/b/a JAAVAN )
d/b/a M PATIO FURNITURE, MOHAMED )
HADJ-MERABET and SEBBAH Y. HADJ- )
MERABET a/k/a Y. HADJ-MERABET, )
 )
             Defendants. )
                                      )

**PLAINTIFF'S MOTION FOR COURT'S DEFAULT AGAINST DEFENDANTS, MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS AND ATTORNEY FEES**

Plaintiff, JULIEN BOURHIS ("Plaintiff"), respectfully requests that the Court enter a default judgment against Defendants, MY TRADE LLC d/b/a NOD d/b/a JAAVAN d/b/a M PATIO FURNITURE, MOHAMED HADJ-MERABET and SEBBAH Y. HADJ-MERABET a/k/a Y. HADJ-MERABET (collectively, "Defendants"), or, in the alternative, Compel Defendants to respond to Discovery, and award Plaintiff attorney fees and costs, for the Defendants' failure to abide by this Court's Orders and for their failure to defend the instant action. In support thereof, Plaintiff states as follows:

**DEFENDANTS' FAILURE TO RESPOND TO THE COMPLAINT**

1. Plaintiff filed his Complaint on July 16, 2015. [D.E. 1].

2. On September 8, 2015, Defendants filed the Motion to Dismiss Complaint [D.E. 22].

3. On October 27, 2015, this Court entered a Paperless Order Dismissing the Case without Prejudice for Failure to File a Joint Scheduling Report within 14 days of the Settlement Conference. [D.E. 32]. That Order further instructed, "All pending motions, if any, are denied as moot. The parties may move to reopen this matter, as well as any previously filed motions that were mooted as a result of this order, upon the filing of a joint scheduling report." [D.E. 32].

4. On October 30, 2015, Plaintiff moved to reopen the case and filed a Joint Scheduling Report. [D.E. 33 and D.E. 34]

5. Thereafter, on November 3, 2015, the Court granted the Motion to Reopen the Case, and again stated that "[t]he parties may move to reopen any previously filed motions that were mooted when this case was closed." [D.E. 37].

6. To date, Defendants have not filed a response to the Complaint or the Statement of Claim, and have failed to move to reopen their Motion to Dismiss the Complaint [D.E. 22] or their Motion for a More Definite Statement of Claim [D.E. 16].

7. Defendants have failed to do so despite a courtesy reminder from Plaintiff. Specifically, on November 11, 2015, the undersigned sent opposing counsel an email stating,

> Mr. Harris:
> As you know, the pending motions are closed unless we move to reopen them. Thus far, you have not moved to reopen them. Please advise by next week, November 18th, if you intend to reopen your motion to dismiss and motion for a more definite statement. We do not object.

*See* Emails Re Pending Motions attached hereto as **Exhibit "A."**

8. On November 12, 2015, Attorney Harris advised, via e-mail, that he is in the process of refiling his motion to dismiss. *See* **Exhibit "A."**

9. However, to date, over three weeks after the Court's Order, no such motion has been filed and the Complaint still sits unresponsive.

10. Based on Defendants' failure to respond to the Complaint or comply with the Court's Order regarding moving to reopen previously filed motions, Plaintiff requests that a default be entered against Defendants.

**DEFENDANTS' FAILURE TO RESPOND TO DISCOVERY**

11. On September 8, 2015, Plaintiff propounded its discovery upon Defendants. Thus, the responses were due on October 8, 2015.

12. On October 5, 2015, without conferring with Plaintiff, Defendants filed a Motion for Extension of Time to respond to Discovery, requesting an additional 30 days to respond. [D.E. 25].

13. On October 6, 2015, Plaintiff filed his Response to the Motion for Extension of Time. [D.E. 27]. In the Response, Plaintiff objected to the request based on Defendants' failure to confer in violation of Local Rule 7.1 and added that he would not have objected to a reasonable extension, as long as Defendants served the necessary documents, per this Court's Order, prior to the upcoming Settlement Conference. Plaintiff further stated that a 30-day extension of time was excessive, and believed two weeks was a reasonable extension. [D.E. 27].

14. On October 9, 2015, this Court granted in part Defendants' Motion for Extension of Time to Respond to Discovery. [D.E. 28]. The Court ordered Defendants to respond to the outstanding discovery no later than **October 21, 2015**.

15. On October 16, 2015, Defendants served Plaintiff with incomplete discovery responses, and did not include the responsive documents.

16. Simultaneously, Attorney Harris advised in the email attaching the responses, "Please see attached discovery. I received this late today from the clients. As such, I will correct

the formats next week for you." *See* Email Correspondence Re Discovery attached hereto as **Exhibit "B."**

17. Defendants, however, did not serve the completed responses the following week.

18. On October 21, 2015, the undersigned reached out to opposing counsel via email:

> When will you be producing proper responses to the discovery requests?
> Many of the handwritten responses are improper, and no documents at all
> were produced. It simply says, "copies available".
> Please let me know when we will receive the complete responses.

*See* **Exhibit "B."**

19. On October 23, 2015, opposing counsel again responded that he would serve the complete responses the following week. *See* **Exhibit "B."**

20. Again, Defendants failed to serve the complete discovery responses.

21. Due to Defendants' constant misrepresentations that they intended to serve the discovery responses the following week, Plaintiff did not prepare and file a motion to compel.

22. The undersigned sent two more reminders, and made phone calls, to opposing counsel and received more false promises that the responses were being prepared and would be served: once on November 11, 2015, and again on November 18, 2015. *See* **Exhibit "B."**

23. On November 18, 2015, the undersigned again reached out via email and advised Attorney Harris that if the responses were not produced a motion to compel would be filed and Plaintiff would be entitled to his attorney fees and costs.

24. Attorney Harris responded that he will "have everything ready for you on November 25th." *See* **Exhibit "B."**

25. Once again, the responses were not served per Attorney Harris' promise.

26. Plaintiff has also been attempting, for weeks, to set the depositions in this case. After several unfulfilled promises to provide dates and numerous reminders, Plaintiff has

resorted to setting the depositions unilaterally. *See* Email Correspondence Re Depositions attached hereto as **Exhibit "C."** Nevertheless, Plaintiff is prejudiced due to the fact that he cannot determine whose depositions must be taken without complete responses to discovery, nor can he fully prepare for the depositions without the benefit of complete discovery responses.

27. All in all, Plaintiff has been patient and courteous with Defendants and reminded them no less than five times to comply with the requirements of this Court. Every time, Attorney Harris has made false representations to the undersigned, in violation of this Court's Order and of his duty of candor, causing Plaintiff to incur additional attorney fees, and hindering the discovery process.

28. Defendants have now violated the Court's Order for over a month, despite repeated courtesy reminders from Plaintiff's counsel to correct such action.

29. Based on Defendants' failure to comply with the Court's Order regarding discovery, or their refusal to cooperate with the discovery process, Plaintiff requests that a default be entered against Defendants.

## MEMORANDUM OF LAW

Under Federal Rules of Civil Procedure 16(f) and 37(b)(2), a court may sanction a party for failing to obey a scheduling order, or other pretrial order. *Herman Cuervo, et al. v. Airport Services, Inc., et. al.*, 2014 WL 2738312 (S.D. Fla. 2014) (quoting *Glanzrock v. Patriot Roofing Indus., Inc.*, 2008 WL 3833950, at *1 (M.D. Fla. Aug 15, 2008) (citing Rule 16(f) and Rule 37(b)(2)). Such a severe sanction should be resorted to "only if noncompliance is due to willful or bad faith disregard of court orders" and the court finds lesser sanctions would not suffice. *Id.* (citing *Adolph Coors Co. v. Movement Against Racism and the Klan,* 777 F.2d 1538, 1543 (11th Cir.1985) (internal citations omitted); *Malautea v. Suzuki Motor Co. Ltd.,* 987 F.2d 1536, 1542

(11th Cir. 1993). "When a party demonstrates a flagrant disregard for the court and the discovery process, however," this drastic sanction is not an abuse of discretion. *Aztec Steel Co. v. Fla. Steel Corp.,* 691 F.2d 480, 481 (11th Cir.1982).

In *Herman Cuervo, et al. v. Airport Services, Inc., et. al.*, 2014 WL 2738312 (S.D. Fla. 2014), the Court entered a default against the Defendant for failing to comply with a discovery order. The Court in that case further found that Plaintiffs were prejudiced because of Defendant's failure to participate in discovery.

The Local Rules for the United States District Court for the Southern District of Florida state:

> (4) Sanctions. Because lawyers are expected to respond when the Federal Rules of Civil Procedure require, Federal Rule of Civil Procedure 37 provides that if an opposing lawyer must go to Court to make the recalcitrant party answer, the moving party may be awarded counsel fees incurred in compelling the discovery. Federal Rule of Civil Procedure 37 is enforced in this District. Further, if a Court order is obtained compelling discovery, unexcused failure to provide a timely response is treated by the Court with the gravity it deserves; willful violation of a Court order is always serious and may be treated as contempt.
> Once a Court order is issued compelling discovery, an unexcused failure to provide a timely response is treated by the Court with the special gravity which it deserves. Violation of a Court order is always serious and may be treated as contempt, or may be grounds for entry of judgment, an order with respect to facts or claims related to the discovery that was the subject of the Court's order, or some other appropriate and measured sanction.

Rule 37 sanctions are "broad and encompass not only the rectification of actual harm, but also allow for sanctions for a [party's] failure to maintain and preserve the sanctity of the court and to respect its rules...." Contempt may be either civil (remedial) or criminal (punitive-to vindicate the authority of the court). A finding of failure to comply with discovery orders is a finding of civil contempt. *Action Marine, Inc. v. Continental Carobon, Inc.*, 243 F.R.D. 670

(M.D. Ala. 2007), citing to *Int'l Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821, 827-28, 114 S.Ct. 2552, 2554 (1994).

The Court also has inherent powers to impose sanctions to achieve the orderly and expeditious disposition of cases where a party's conduct disrupts or impairs the judicial process, especially where there is bad-faith conduct. As the Supreme Court indicated in *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45, 50, 111 S.Ct. 2123, (1991):

> [I]t is firmly established that "[t]he power to punish for contempt is inherent in all courts." This power reaches both the conduct before the court and that beyond the court's confines, for "[t]he underlying concern that gave rise to the contempt power was not ... merely the disruption of court proceedings. Rather, it was disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Id.*
>
> When there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power. *Id.* at 50.; *see also Byrne v. Nezhat,* 261 F.3d 1075 (11th Cir.2001).

The goal of Rule 37 sanctions is to compensate, deter and even punish discovery violations that were committed willfully and in bad faith. *Goodman v. New Horizons Community Service,* Slip Copy, 2006 WL 940646 (11th Cir. 2006). In *Goodman,* the Court succinctly stated: "Rule 37 sanctions were designed not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Id.,* citing *Carlucci v. Piper Aircraft Corp., Inc*, 774 F.2d 1440, 1447 (11th Cir. 1985).

Several Federal Rules of Civil Procedure authorize sanctions in the form of attorney's fees for lawyer misconduct. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 42, 111 S.Ct. 2123, 2131 (1991). "Although they differ by context, [these] sanctioning mechanisms are similar in that they

are all rooted in the same basic goals – protecting the court and the public from litigation which impedes the administration of justice." *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001).

**WHEREFORE**, Plaintiff, JULIEN BOURHIS, requests that the Court grant his motion and enter a default regarding liability against Defendants. In the alternative, Plaintiff requests that the Court order Defendants to produce complete discovery responses and cooperate in the scheduling of depositions. In addition, Plaintiff requests that the Court order Defendants to pay Plaintiff his attorney fees and costs incurred in connection with this motion.

Dated: November 25, 2015.

Respectfully submitted,

By:__/s/ *Netali Peles*_____

Netali Peles, Esquire
Fla. Bar No.: 84558
Email: npeles@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile:  (888) 270-5549

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: **s/ *Netali Peles* _____**

## SERVICE LIST

**Bourhis v. Jaavan**
Case No. 15-CV-22674-MOORE/MCALILEY
**United States District Court, SOUTHERN District of Florida**

R. Martin Saenz
E-Mail: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Suite 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

Netali Peles
E-Mail: npeles@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Suite 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

David S. Harris, Esq.
E-Mail: davidharris@att.net
The Law Offices of David S. Harris
6431 SW 39th Street
Miami, Florida 33155
 T: 305-667-9043 F: 305-667-9044