UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 15-CV-22674-MOORE/GARBER

JULIEN BOURHIS, and other similarly )
situated individuals, )
 )
                Plaintiff(s), )
 )
v. )
 )
MY TRADE LLC d/b/a NOD d/b/a JAAVAN )
d/b/a M PATIO FURNITURE, MOHAMED )
HADJ-MERABET and SEBBAH Y. HADJ- )
MERABET a/k/a Y. HADJ-MERABET, )
 )
                Defendants. )
_____)

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO
THE COURT'S SHOW CAUSE ORDER
AND PLAINTIFF'S MOTION FOR COURT'S DEFAULT AGAINST DEFENDANTS,
MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS AND ATTORNEY FEES**

Plaintiff, JULIEN BOURHIS ("Plaintiff"), replies to Defendants, MY TRADE LLC d/b/a NOD d/b/a JAAVAN d/b/a M PATIO FURNITURE, MOHAMED HADJ-MERABET and SEBBAH Y. HADJ-MERABET a/k/a Y. HADJ-MERABET (collectively, "Defendants"), Response to the Court's Show Cause Order and Plaintiff's Motion to Compel Discovery and for Sanctions and Attorney Fees.

Defendants should be sanctioned appropriately for: continuing to make false representations to Plaintiff and to this Court, for still failing to remedy and provide the relief requested and failing to provide a good reason for not doing so, and for falsely citing case law in their responsive filing. In support thereof, Plaintiff states as follows:

## DEFENDANTS' FAILURE TO RESPOND TO THE COMPLAINT

1. In his Motion for Default Judgment [D.E. 40], Plaintiff requests an entry of default judgment. Defendants failed to properly respond to the Complaint by not moving to reopen their Motion to Dismiss the Complaint, despite a Court Order requiring same [D.E. 37], and a courtesy reminder from Plaintiff.

2. In response to the Order to Show Cause, Defendants refiled the Motion to Dismiss the Complaint [D.E. 42], which is also procedurally improper; as per Court Order, Defendants were required to file a motion to reopen the previously filed Motion to Dismiss.

3. In response to why a default judgment should not be entered, Defendants simply claim that since they refiled the Motion to Dismiss on December 1, 2015, the issue is moot.

4. However, such a defense is insufficient and the issue is not moot. Defendants failed to provide any reason why they did not comply with the Court Order, even after Plaintiff courteously reminded them to do so. Defendants have further failed to give any good reason why Plaintiff should have been forced to expend his time, resources and attorney fees in preparing a motion to compel Defendants to act appropriately.

5. Based on this, a default should be entered, or at the very least, Defendants should be ordered to pay Plaintiff his reasonable attorney fees in having to file the motion for default judgment.

## DEFENDANTS' FAILURE TO RESPOND TO DISCOVERY

6. In his Motion to Compel Discovery [D.E. 40], Plaintiff requested that the Court compel Defendants to respond to discovery requests, after a previous court order for same, and after multiple reminders from Plaintiff and false representations by Defendants that they would do so. *See* [D.E. 40].

7. The responses were due no later than **October 21, 2015**.

8. In response to this Court's Order to Show Cause by December 2, 2015, Defendants performed several egregious acts that cannot go unsanctioned:

    a. First, Defendants filed a response to the Order to Show Cause falsely stating that they "have responded to discovery."

    Defendants stated, "On December 2, 2015, Defendant provided amended responses to discovery including all interrogatory responses, admission responses and request for production for all three Defendants to Plaintiff." First, despite falsely alleging that the discovery responses were already served at the time of filing the motion, Defendants actually did not serve anything until approximately 5:45 P.M., Second, these amended responses are still incomplete and improper, as detailed further below.

    b. Next, in their response to the Order to Show Cause, Defendants stated that on October 13, 2015, "Defendants counsel emailed Netali Peles and Martin Saenz (Plaintiff's counsel) and attached Defendants production." Again, this is a misrepresentation to the Court, as Defendants fail to explain that this production was not related to the discovery responses at issue, but was actually Rule 26 disclosure documents, which the Court ordered Defendants to produce since they had failed to do so previously, for the upcoming Settlement Conference the following day, on October 14, 2015.

    c. Defendants' next false statement is that on October 16 "Defendants' counsel advised that the documents could be inspected at his offices, but

> Plaintiff never made the effort to schedule inspection of documents. The documents have been available for inspection and copying since October 16, 2015."

Defendants' counsel never in fact advised that the documents could be inspected at his office. *See* e-mail correspondence, attached as **Exhibit "A."** Instead, the responses themselves stated, "copies available." On November 11, the undersigned reached out to Attorney Harris to ask how to obtain the copies, but in response, Mr. Harris advised that he will have the documents sent the following week, which did not occur. *See* e-mail correspondence, attached as **Exhibit "A."**

d. Defendants go on and falsely state, "On October 21, 2015, Defendants served Plaintiff with completed discovery responses." No correspondence was ever received by Defendants on that date. Furthermore, Defendants next go on to state the responses "were not in the proper format and would be revised," thereby contradicting their own statement that the responses were complete and served. On the contrary, on October 21, 2015, the undersigned reached out to Attorney Harris requesting the complete responses. *See* Exhibit attached to Motion to Compel Discover [D.E. 40].

e. In its Memorandum of Law to support its arguments in the Response to the Order to Show Cause, Defendants falsely cite to case law that purportedly supports their position. Upon review of the cited case law, *United States v. Kelly*, 888 F.2d 732 (11th Cir. 1989), it is apparent that the quoted language by Defendants is incorrect and not relevant to a

motion to compel, as Defendants state, but is discussed in a matter of recusal of a Judge. [D.E. 43].

9. Defendants fail to attach a single piece correspondence showing proof of their allegations made in their Response to Order to Show Cause, because there is none, as their allegations are false. Plaintiff, has however, attached all the relevant correspondence refuting Defendants' statements.

10. On December 3, 2015, Plaintiff took the depositions of the Defendants. During the depositions, Defendants and Defendants' counsel advised that they are in possession of highly relevant e-mails, text messages, and time punch cards, all of which were requested in the discovery requests at issue. Defendants and their counsel stated they would look for these documents and provide them to Plaintiff after the upcoming holidays. Such statements further show that Defendants' discovery responses are incomplete and improper and in violation of this Court's Order, the laws of the State, and the Federal Rules of Civil Procedure.

11. Defendants argue that the relief requested by Plaintiff should not be granted because Plaintiff failed to confer regarding his motion. First, again, Defendants have lied to the Court, as the multiple efforts to confer are evident throughout this Court's record. Plaintiff admittedly forgot to include a certificate of conferral. However, such mistake was immediately corrected upon notice of same. *See* [D.E. 44]. Also, Defendants actually committed this mistake in the past and failed to confer on their Motion for Extension of time. The Court simply ordered Defendants to comply with Local Rule 7.1 in the future. *See* Paperless Order on Defendants' Motion for Extension of Time [D.E. 14].

12. As of today, Defendants have failed to provide the complete and proper responses to discovery as required. The deficient responses are attached hereto as **Exhibits "B", "C", "D"**

and **"E"**.  It appears that the responses were answered by the Defendants themselves, and were not reviewed and completed by their attorney[1]:

    a.  <u>Defendant, My Trade, LLC's, Responses to Interrogatories</u>

        i.  Certain portions of the request are ignored and not responded to.

        ii.  Certain requests have simply been skipped, i.e., Requests, #13, #15, and #16.

    b.  <u>Defendant, Mohamed Hadj Merabet's, Responses to Interrogatories</u>

        i.  The majority of the responses are not responded to and simply state, "I can't answer the question it doesn't make sense."

    c.  Defendants did not provide the Interrogatory Responses by Defendant, Yamiah Sebbah.

    d.  Some of the responses are not responded to and state, "Need more time".

    e.  Defendants attach multiple exhibits labeled with different numbers, but they are in fact duplicates.

    f.  "Exhibit 1" does not contain the documents requested in the relevant request, but contains wholly unrelated documents.

    g.  Defendants attach text messages in French with their own translation, instead of a certified translation.

13.    Defendants have now violated two Court Orders, have lied to both the Court and Plaintiff, have ignored Plaintiff's multiple and ongoing requests to correct such action, and have caused Plaintiff to incur countless hours of work and attorney fees.

---

[1] Plaintiff notes that this is improper, especially for the Defendant corporation, since a corporation must be represented by an attorney. *Szteinbaum v. Kaes Iversiones y Valores, C.A.*, 476 So. 2d 237 (Fla. 3rd DCA 1985).

**WHEREFORE**, Plaintiff, JULIEN BOURHIS, requests that the Court grant his motion and enter a default regarding liability against Defendants and sanction Defendants accordingly, and award Plaintiff his attorney fees and costs.

Dated: December 4, 2015.

Respectfully submitted,

By:  /s/ *Netali Peles*
Netali Peles, Esquire
Fla. Bar No.: 84558
Email: npeles@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile:  (888) 270-5549

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: **s/ *Netali Peles* **

## SERVICE LIST

**Bourhis v. Jaavan**
Case No. 15-CV-22674-MOORE/MCALILEY
**United States District Court, SOUTHERN District of Florida**

| | |
|---|---|
| R. Martin Saenz | David S. Harris, Esq. |
| E-Mail: msaenz@saenzanderson.com | E-Mail: davidharris@att.net |
| SAENZ & ANDERSON, PLLC | The Law Offices of David S. Harris |
| 20900 N.E. 30th Avenue, Suite 800 | 6431 SW 39th Street |
| Aventura, Florida 33180 | Miami, Florida 33155 |

Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

Netali Peles
E-Mail: npeles@saenzanderson.com
S<small>AENZ</small> & A<small>NDERSON</small>, PLLC
20900 N.E. 30th Avenue, Suite 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

T: 305-667-9043 F: 305-667-9044