UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-CV-22674-MOORE/GARBER

JULIEN BOURHIS, and other similarly
Situated individuals,

    Plaintiffs,

v.

MY TRADE LLC, d/b/a NOD d/b/a JAAVAN
d/b/a M PATIO FURNITURE, MOHAMED
HADJ-MERABET AND SEBBAH Y. HADJ-
MERABET a/k/a Y. HADJ-MERABET

    Defendants.

_____/

DEFENDANTS RESPONSE TO THIS COURT'S NOVEMBER 30, 2004 SHOW CAUSE
ORDER REGARDING PLAINTIFF'S MOTION FOR COURT'S DEFAULT AGAINST
DEFENDANTS, MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS AND
ATTORNEY FEES

Defendants, MY TRADE LLC, d/b/a NOD d/b/a JAAVAN d/b/a M PATIO FURNITURE, MOHAMED HADJ-MERABET AND SEBBAH Y. HADJ-MERABET a/k/a Y. HADJ-MERABET (collectively Defendants), by and through their undersigned counsel file their response to this Court's November 30, 2004 show cause order regarding Plaintiff's motion for court's default against all Defendants, motion to compel discovery and for sanctions and attorney fees. In support Defendants state as follows:

DEFENDANTS HAVE RE-FILED THEIR MOTION TO DISMISS

Plaintiff filed its complaint on July 16, 2015 (D.E. 1). On September 8, 2015, Defendants filed their motion to dismiss complaint (D.E. 22).

On October 27, 2015, this court entered a paperless order dismissing the case without prejudice for failure to file a joint scheduling report within 14 days of the settlement conference (D.E. 32).

On October 30, 2015, Plaintiff moved to reopen the case and filed a Joint Scheduling Report. (D.E. 33 and 34). Thereafter on November 3, 2015, the Court granted the Motion to Reopen the Case, and again stated that "[t]he parties may move to reopen any previously filed motions that were mooted when this case was closed." (D.E. 37).

On December 1, 2015, Defendants refiled their motion to dismiss (D.E. 42), and therefore, Plaintiff's motion for entry of default is moot at this point.

### DEFENDANT'S HAVE RESPONDED TO DISCOVERY

On September 8, 2015, Plaintiff propounded its discovery upon Defendants. Thereafter, on October 6, 2015, Defendants filed a motion for extension of time. (D.E. 25). This Court granted on October 9, 2015 (D.E. 28) Defendants motion and ordered that discovery be responded to by no later than October 21, 2015.

On October 13, 2015, Defendants counsel e-mailed Netali Peles and Martin Saenz (Plaintiff's counsel) and attached Defendants production. In addition, Defendants counsel advised Plaintiff's counsel that he was still unable to determine Plaintiff's computation per hour over the full work period.

On October 16, 2015, Defendants counsel e-mailed written responses to discovery so as not delay the matter. It is noted that on the responses, Defendants' counsel advised that the documents could be inspected at his offices, but Plaintiff never made the effort to schedule the inspection of documents. The documents have been available for inspection and copying since October 16, 2015.

On October 21, 2015, Defendants served Plaintiff with completed discovery responses. On October 21, 2015 Defendants counsel advised that the responses were not in the proper format and would be revised. Defendant's counsel advised that he would provide Plaintiff with amended Reponses. On October 27, 2015, this case was dismissed without prejudice due to Plaintiff's non-compliance with filing a scheduling report. (D.E. 32).

This case was reopened on November 3, 2015. (D.E. 36). Defendant filed its motion for sanctions, for default and to compel discovery on November 25, 2015. On December 2, 2015, Defendant provided amended responses to discovery including all interrogatory responses, admission responses and request for production for all three Defendants to Plaintiff. This response follows.

ARGUMENT

<u>DEFENDANTS ACTIONS ARE NOT WILLFULL AND ATTEMPTS HAVE BEEN MADE TO PRODUCE DOCUMENTS AND PROVIDE RESPONSES</u>

It is well established that a "range of choice" exists in how a District Court may rule on a motion to compel. United States v. Kelly 888 F.2d 732, 745 (11th Cir. 1989). However, before filing a motion to compel further disclosures or discovery pursuant to Rule 37(a), the aggrieved party must attempt to confer with the unresponsive party in an effort to obtain the desired material without court action. All motions to compel must include a certification that such an effort has been made. Rule 37(d)(1)(B) has a similar requirement for a party who moves for Rule 37(b) sanctions due to an opponent's failure to serve interrogatory answers or to serve a response to a document request. Plaintiff"s Motion to Compel should be dismissed for failure to engage and certify that, prior to filing this motion, counsel for Plaintiff has

contacted counsel for Defendants in a good faith effort to resolve the matters in Plaintiff's Motion pursuant to Federal Rule Civil Procedure 37 (a)(1).

    Rule 37 (a) specifically states that a party upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosures or discovery. Furthermore Southern District Local Rule 7.1 (3) specifically states that "Prior to filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. At the end of the motion, and above the signature block, counsel for the moving party shall certify either (A) that counsel for the movant has conferred with all parties or non-parties whom may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion, and has been unable to do so; or (b) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sough in the motion, which efforts shall be identified with specificity in the statement, but has been unable to do so…….. Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including reasonable attorney's fee."

It is clear from Plaintiff's motion (D.E. 40), that Plaintiff has failed to comply with Local Rule 7.1(3), due to Plaintiff's counsel failure to confer with Defendants counsel regarding the issues surrounding the motion to compel, Plaintiff's counsel did not attach a Certificate of Good Faith Conference to its motion and therefore, this court should deny Plaintiff's motion and impose on Plaintiff's counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including attorney's fees. It is noted that at no time did Plaintiff's counsel contact Defendants counsel to discuss the Motion to Compel, Sanctions, or the effects of a motion for default.

<u>PLAINTIFF MOTION FOR SANCTIONS IS PREMATURE AND NOT WARRANTED</u>

Courts have broad discretion to impose sanctions.  This power derives from the Court's inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases.  Flury v. Daimler Chrysler Corp.  427 F.3d 939, 944 (2005); See also Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 2132(1991).  Accordingly, sanctions for discovery abuses are intended to prevent unfair prejudice to litigants and to insure the integrity of the discovery process.  Flury v. Daimler Chrysler Corp.  427 F.3d 939, 944 (2005); see also Gratton v. Great American Communication, 178 F.3d 1373, 1374(11th Cir.  1999).

"A judge's decision as to whether a party or lawyer's actions merit imposition of sanctions is heavily dependent on the court's firsthand knowledge, experience, and observation. At times the actions of the individual or party involved may be judged over the course of time." Harris v. Chapman, 97 F.3d 499, 506 (11th Cir. 1996).

In the case at bar, discovery is still ongoing, and this case was only recently, on November 3, 2015, reopened.  Based on the foregoing, it is quite clear that at this stage Plaintiff's motion should be denied, for its failure to confer, attach a certificate of good faith

conference to its motion for sanctions, to compel and for default, and order Plaintiff to pay the amount of the reasonable expenses incurred because of said violation, including attorney's fees.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by U.S. mail on the 2st day of December, 2015 to: R. MARTIN SAENZ, SAENZ & ANDERSON PLLC, Attorney for Plaintiff, 20900 NE 30th Avenue, Ste. #800, Aventura, FL 33180.

LAW OFFICES OF DAVID S. HARRIS
6431 SW 39th Street
Miami, FL 33155-4813
Telephone:  (305) 667-9043
Facsimile:  (305) 667-9044

BY:  __/s_ David S. Harris_____
      David S. Harris, Esq.