# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22674-KMM

JULIEN BOURHIS, and
other similarly situated individuals,

    Plaintiff,

v.

MY TRADE LLC, d/b/a NOD d/b/a JAAVAN d/b/a
M PATIO FURNITURE;
MOHAMED HADJMERABET;
and SEBBAH Y. HADJ-MERABET, a/k/a
Y. HADJ-MERABET,

    Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S CROSS-MOTION FOR SANCTIONS

This cause is before the Court on the Motion to Dismiss [D.E. 42] of Defendants My Trade LLC, Mohamed Hadjmerabet, and Sebbah Y. Hadj-Merabet (collectively, the "Defendants"). Plaintiff Julien Bourhis (the "Plaintiff") has cross-moved for sanctions in the form of attorney's fees [D.E. 49]. For the reasons explained below, both motions are denied.

## I. BACKGROUND

This is an action to recover money damages for unpaid overtime wages (Counts I and II) and unlawful retaliatory discharge (Count III) under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violation of the Florida Private Whistleblower Act (Count IV), Fla. Stat. § 448.102. [D.E. 1].

The Defendants move to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). It must also contain enough facts to suggest the required elements of a cause of action. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id*. When considering a motion to dismiss, the court must accept all of the plaintiff's allegations as true in determining whether the plaintiff has stated a claim for relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

## III. DISCUSSION

### A. The Plaintiff has Stated A Claim For Unpaid Overtime Wages Under The FLSA In Counts I And II

The Defendants move to dismiss Counts I and II on the grounds that the Complaint does not "state a cause of action in that [it] fails to calculate overtime consistent with 29 CFR 778.104 which under the Act takes a single workweek as its standard and does not permit averaging of hours over 2 or more weeks." [D.E. 42 ¶ 3].

The Court rejects this argument. Under the FLSA, a plaintiff is not required to allege an hourly rate of pay in the complaint to properly state a cause of action. "Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting

conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). Based on a review of the Complaint, the Court finds that the Plaintiff has alleged these elements. [D.E. 1 ¶¶ 4–21]. Thus, even if the Plaintiff's calculations do not comply with federal regulations, such non-compliance is not grounds for dismissal of the Complaint.

Accordingly, the Defendants' motion to dismiss Counts I and II is denied.

### B. The Plaintiff Has Stated A Claim For Unlawful Retaliatory Discharge Under The FLSA In Count III

The Defendants seek to dismiss Count III on the same basis they seek to dismiss Counts I and II: the Plaintiff has failed to allege unpaid overtime. According to the Defendants, in failing to state a claim for unpaid overtime wages, the Plaintiff necessarily fails to state a claim for retaliation.

This argument is nonsensical. Not only are the elements of the two claims wholly dissimilar, but even if the Plaintiff had failed to state a claim for unpaid overtime, which he did not, a party may state as many separate claims or defenses, regardless of consistency. *See* Fed. R. Civ. P. 8(d)(2).

At any rate, the Plaintiff has pleaded enough facts to state a claim for retaliatory discharge. "To prove retaliation under the FLSA, a plaintiff must show that: (1) she engaged in activity protected under the act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's protected activity and the adverse employment action." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 841 F. Supp. 2d 1274, 1279 (S.D. Fla. 2012) (citing *Wolf v. Coca–Cola Co.,* 200 F.3d 1337, 1342–43 (11th

3

Cir. 2000)).  Based on a review of the Complaint, the Court finds that the Plaintiff has pleaded these elements.  [D.E. 1 ¶¶ 22–28].

Accordingly, the Defendants' motion to dismiss Count III is denied.

### C. The Plaintiff Has Stated A Claim Under The Florida Private Whistleblower Act In Count IV

The Defendants move to dismiss Count IV on two grounds.  First, the Defendants argue that the office conditions complained of by the Plaintiff "are not likely to cause death and/or serious harm to Plaintiff as alleged and are not a violation of 29 U.S.C. § 654."  [D.E. 42 ¶ 11]. Second, the Defendants maintain that the "Plaintiff didn't allege he objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation alleged in paragraph 37 of the Complaint."  [*Id*.]

As to the first reason, whatever the actual office conditions, that is a factual issue to be resolved at a later stage of the proceedings.  *See, e.g.*, *Sheppard v. Bank of Am., NA*, 542 F. App'x 789, 790–91 (11th Cir. 2013) (internal citations omitted).  For the time being, the Court is limited to the four corners of the Complaint.  *See id*.

As to the second reason, either the Defendants did not bother to read the Complaint, they misread it, or they intentionally misconstrued it for their own ends, but one thing is clear: the Plaintiff alleges that "[o]n or about July 2 or 3, 2015, Plaintiff complained to Defendants, in writing, via his attorney, of the failure to pay overtime to Plaintiff."  [D.E. 1 ¶ 25].  Based on this allegation, along with the other allegations set forth in paragraphs 29 through 44 of the Complaint, the Court finds that the Plaintiff has stated a claim under the Florida Private Whistleblower Act.  *See, e.g.*, *Usher v. Nipro Diabetes Sys., Inc.*, No. 4D14-4766, 2016 WL 717917, at *1 (Fla. 4th DCA 2016) ("To state a claim under the statute, Usher was required to plead "'1) that [ ]he objected to or refused to participate in any illegal activity, policy or practice

of [Nipro]; 2)[ ]he suffered an adverse employment action; and 3) the adverse employment action was causally linked to h[is] objection or refusal.'") (citations omitted)).  The Defendants are cautioned that any more frivolous, unfounded arguments may result in the imposition of sanctions.

Accordingly, the Defendants' motion to dismiss Count IV is denied.

### IV. CONCLUSION

For the foregoing reasons, it is ordered and adjudged that the Defendants' Motion to Dismiss [D.E. 42] is denied.  It is further ordered and adjudged that the Plaintiff's cross-motion for sanctions in the form of attorney's fees [D.E. 49] is denied, although the Court cautions the Defendants that further frivolous and baseless argumentation may result in sanctions.

Done and ordered in Chambers at Miami, Florida, this 12th day of March, 2016.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:      Counsel of record