## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22674-KMM

JULIEN BOURHIS,

        Plaintiff,

v.

MY TRADE LLC; MOHAMED
HADJ-MERABET; and SEBBAH Y.
HADJ-MERABET,

        Defendants.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This cause is before the Court on Defendants My Trade LLC, Mohamed Hadj-Merabet and Sebbah Y. Hadj-Merabet's Motion for Summary Judgment (ECF No. 66). Plaintiff Julien Bourhis filed a Response (ECF No. 71) and Defendants filed a Reply (ECF No. 73). For the reasons that follow, Defendants' Motion for Summary Judgment is denied.

## I.    BACKGROUND[1]

_____

[1] The Court notes that Plaintiff's Response to Defendants' Statement of Undisputed Facts (ECF No. 72) contains forty-seven numbered facts, none of which correspond to the order and numbering scheme used by Defendants in their Statement of Material Facts (ECF No. 60). Plaintiff's Response thus fails to comply with Local Rule 56.1(a). Though Plaintiff's delinquency presents the Court with "the functional analog of an unopposed motion for summary judgment," *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008), the "[C]ourt must still review the movant's citations to the record to determine if there is, indeed, no genuine dispute of material fact." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009); *see also State Farm Mut. Auto. Ins. Co. v. B&A Diagnostic, Inc.*, No. 14-CV-24387-KMM, 2015 WL 7272738, at *1 (S.D. Fla. Nov. 16, 2015).

Defendant My Trade LLC ("My Trade") is in the business of patio furniture sales. Individual Defendants Mohamed Hadj-Merabet and Sebbah Y. Hadj-Merabet are officers and owners of My Trade.  *See* Def.'s Statement of Material Facts ("Def.'s Facts"), Ex. A (ECF No. 65-1).

In May 2014, My Trade hired Plaintiff to perform web design and search engine optimization.  *See id.* at Ex. F (ECF No. 65-6).  Plaintiff owned two companies, Need-Sitter, LLC and Royal Team Prod when he was hired to work at My Trade.  *See id.* at Ex. J (ECF No. 65-12).  My Trade paid Plaintiff an hourly wage, which increased after approximately one month.  *See id*.  After some time, Plaintiff assumed the additional responsibility of selling furniture for My Trade and received a commission for each sale he made.  *See id*.  Every two weeks, Plaintiff submitted invoices to Defendants for the hours he worked and the sales he made.  *See id*. at Ex. K (ECF No. 65-11).  My Trade reported Plaintiff's income as a non-employee through an IRS Form 1099.  *See id.* at Ex. A (ECF No. 65-1).  In July 2015, Plaintiff stopped working for My Trade.  *See id.* at Ex. K (ECF No. 65-11).

On July 16, 2015, Plaintiff filed a four count Complaint against Defendants.  Counts I, II and III allege violations of the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. § 201 *et seq.*, and seek unpaid wages, overtime compensation and damages.  *See* Pl.'s Compl. (ECF No. 1).  Plaintiff brings Count IV pursuant to the Florida Whistleblower Act ("FWA"), Fla. Stat. § 448.101 *et seq.*, seeking  injunctive relief and damages in connection with his alleged wrongful termination and Defendants' alleged violation of the Occupational Safety and Health Act, 29 U.S.C. § 654.  *Id*.  Defendants now move for summary judgment on all counts.

## II.     STANDARD OF REVIEW

Under Fed. R. Civ. P. 56 summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The material facts are determined by the substantive law applicable to the case, and a genuine issue exists as to those facts when "a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party has the initial burden of showing an absence of a genuine issue as to any material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  In deciding whether the movant has met this burden, the court must "resolve all reasonable doubts about the facts in favor of the non-movant, and draw all justifiable inferences in [the non-movant's] favor."  *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc) (internal quotation marks and citations omitted).  If the movant "fails to discharge the initial burden," the court "need not consider what, if any, showing the non-movant has made" and must deny the motion.  *Id.*  If, however, the moving party carries its initial burden, responsibility shifts to the non-moving party to "show the existence of a genuine issue as to the material fact."  *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993) (citations omitted).  "If reasonable minds could differ on any inferences arising from undisputed facts, summary judgment should be denied."  *Twiss v. Kury*, 25 F.3d 1551, 1555 (11th Cir. 1994).

## III.     DISCUSSION

Defendants move for summary judgment as to Counts I, II and III, arguing that Plaintiff was not a covered "employee" under the FLSA.  Defendants also move for summary judgment

as to Count IV, arguing: (1) Defendants are not employers as defined by the FWA; and (2) Plaintiff has failed to make out a prima facie case of retaliation under the FWA.  After careful review of the sparse record, the Court concludes that genuine issues of material fact remain.

###     A.    Fact Issues Remain As To Whether Plaintiff Was An Employee Or An Independent Contractor

The protections of the FLSA extend only to employees.  *Freund v. Hi-Tech Satellite, Inc.*, 185 F. App'x 782, 782 (11th Cir. 2006).  The Act defines an employee as "any individual employed by an employer" and to employ as to suffer or permit to work.  29 U.S.C. §§ 203(e)(1), 203(g).  These definitions are intended to be "comprehensive enough" to include "working relationships, which prior to [the] Act, were not deemed to fall within an employer-employee category."  *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1946) (quotation marks and citations omitted).  Nevertheless it is clear—and the parties do not dispute—that independent contractors do not fall within the ambit of the Act.  *See id.* at 728–29.

To aid in the determination of whether an individual falls into the category of covered "employee" or exempted "independent contractor," courts must "look to the 'economic reality' of the relationship between the alleged employee and whether that relationship demonstrates dependence."  *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013) (collecting cases).  Importantly, "[t]his inquiry is not governed by the 'label' put on the relationship by the parties or the contract controlling that relationship."  *Id.* (quoting *Rutherford Food*, 331 U.S. at 729).  Rather, it focuses on whether "the work done, in its essence, follows the usual path of an employee."  *Id.* (quoting *Rutherford Food*, 331 U.S. at 729) (quotation marks omitted).

The Eleventh Circuit has adopted several factors to guide the "economic reality" inquiry:

(1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;

(2) the alleged employee's opportunity for profit or loss depending on his managerial skill;

(3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;

(4) whether the services rendered requires a special skill;

(5) the degree of permanency and duration of the working relationship;

(6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Id.* at 1312. While these factors are instructive, the "overarching focus of the inquiry is economic dependence." *Id.* The key question is "whether an individual is 'in business for himself' or is 'dependent upon finding employment in the business of others.'" *Id.* (quoting *Mednick v. Albert Enters., Inc.*, 508 F.2d 297, 301–02 (5th Cir. 1975)).

Though Defendants do not address each factor individually, the Court has applied the economic realities test to the record in this case, and cannot say as a matter of law, that Plaintiff worked as an independent contractor. As to the first factor—the nature and degree of Defendants' control over the manner in which Plaintiff performed his work—the only evidence the Court finds relevant is Defendants' statement that Plaintiff did not have to work a set schedule. *See* Def's Facts, Ex. K (ECF No. 65-11). Plaintiff denies this fact, however, and states that Defendants required that he work during the store's operating hours, and forbade him from working remotely. *See* Pl.'s Statement of Material Facts ("Pl.'s Facts), Ex. A (ECF No. 72-1).

As to the second factor—Plaintiff's opportunity for profit or loss depending on his managerial skill—the record shows that Defendants, not Plaintiff determined Plaintiff's hourly wage and commission. *See* Def.'s Facts, Ex. K (ECF No. 65-11); Pl.'s Facts, Ex. A (ECF No. 72-1).

5

As to the third factor, Defendants do not address whether Plaintiff purchased materials for his work at My Trade, or employed his own workers.  Plaintiff, however, states that he made no capital investments for his work at My Trade, and that all materials and equipment he used were provided by Defendants.  *See*  Pl.'s Facts, Ex. A (ECF No. 72-1).

As to the fourth factor, the parties agree that Plaintiff was hired for web design and search engine optimization.  *See* Def.'s Facts, Ex. K (ECF No. 65-11).  The record does not show whether this work required any special skill.

As to the fifth factor, the record also does not show whether Plaintiff was hired for an indefinite duration.  Further, the parties offer conflicting accounts of why Plaintiff stopped working for My Trade in July 2015.  Defendants state that Plaintiff voluntarily ceased working for My Trade, while Plaintiff maintains that he was fired.  *See* Def.'s Facts, Ex. K (ECF No. 65-11); Pl.'s Facts, Ex. A (ECF No. 72-1).

Defendants do not address the sixth factor—whether the service Plaintiff rendered was an integral part of My Trade's business—but Plaintiff states, in his affidavit, that his search engine optimization and web design work helped Defendants' business.  Pl.'s Facts, Ex. A (ECF No. 72-1).

In sum, fundamental factual disputes concerning factors one and five, as well as a lack of record evidence as to the other factors, warrant a denial of Defendants' Motion for Summary Judgment.  The Court cannot say based on the record whether Plaintiff was in business for himself or was economically dependent on Defendants.  Thus the core question of economic dependency is still genuinely at issue.  Far from exhibiting an absence of factual dispute, this case requires the Court to assess the credibility of the parties' affidavits and resolve competing facts.  Such a case is not appropriate for summary judgment. *See Anderson*, 477 U.S. at 249

("[A]t the summary judgment stage, the [Court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

### B.    Fact Issues Also Remain As To Plaintiffs' Claim Under The FWA

The FWA "prohibits employers from retaliating against an employee because the employee objected to the employer's prohibited activity, policy, or practice." *Castillo v. Roche Laboratories, Inc.*, 467 F. App'x 859, 862 (11th Cir. 2012); *see also* Fla. Stat. § 448.102(3).  The FWA is "remedial in nature and should be construed liberally in favor of granting access to the remedy . . . ." *Charlton v. Republic Servs. of Florida, L.P*, No. 09-22506-CIV, 2010 WL 2232677, at *3 (S.D. Fla. June 2, 2010).

When considering a claim of retaliatory discharge under the FWA, courts in this Circuit apply the summary judgment analysis for a Title VII retaliation claim.  *Rutledge v. SunTrust Bank*, 262 F. App'x 956, 958 (11th Cir. 2008).  In the Title VII context, "the plaintiff bears the initial burden of presenting sufficient evidence to allow a reasonable jury to determine that he has satisfied the elements of his prima facie case."  *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  If Plaintiff can do so, "the burden shifts to the defendant to articulate a legitimate reason for the employment action."  *Id.* (citing *McDonnell Douglas*, 411 U.S. at 802).  Finally, "[i]f articulated, the plaintiff must show that the defendant's reason was not pretextual."  *Id.* (citing *McDonnell Douglas*, 411 U.S. at 802–03).

Defendants make two arguments for summary judgment as to Count IV.  First, Defendants contend that My Trade is not an employer as defined by the FWA.  Second, Defendants argue that Plaintiff cannot establish a prima facie case of retaliatory discharge.

### i.  Whether Defendant Was An Employer As Defined By The FWA

The FWA defines employer as a private person or entity that employs ten or more persons.  Fla. Stat. § 448.101(3).  Here, the parties dispute how many individuals were employed by My Trade while Plaintiff worked there.  *See* Def.'s Facts, Ex. K (ECF No. 65-11); Pl.'s Facts, Ex. A (ECF No. 72-1).  Accordingly, a genuine issue of material fact remains as to whether My Trade was an employer as defined by the FWA.

### ii.   Whether Plaintiff Can Make Out A Prima Facie Case Under the FWA

In order to state a prima facie case of retaliatory discharge under the FWA, a plaintiff must show: "(1) [he] engaged in statutorily protected expression, (2) [he] suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity, and (3) there was some causal relation between the events."  *Rutledge*, 262 F. App'x 956 at 958 (citations omitted).  Defendants argue that Plaintiff cannot establish the first and second elements.

First, Defendants state that Plaintiff never complained about the working conditions at My Trade.  *See* Def.'s Facts, Ex. K (ECF No. 65-11).  Plaintiff, however, disputes this point, stating in his affidavit that he complained about rats in the store on numerous occasions.  *See* Pl.'s Facts, Ex. A (ECF No. 72-1).  Second, Defendants contend that Plaintiff quit his job and therefore suffered no adverse employment action.  *See* Def.'s Facts, Ex. K (ECF No. 65-11).  But, as already discussed, Plaintiff maintains that he was fired. *See* Pl.'s Facts, Ex. A (ECF No. 72-1).  Given the sparse record in this case, and because material factual issues remain in dispute, summary judgment is not appropriate.   Accordingly, the Court denies Defendants' motion as to Count IV of the Complaint.

**IV.      CONCLUSION**

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Defendants'

Motion for Summary Judgment is DENIED.

It is further ORDERED AND ADJUDGED that the Final Pretrial Conference set for

Monday, April 18, 2016 is CANCELLED.  The Court will address any pretrial issues at Calendar

Call on Thursday, April 28, 2016.

Done and ordered in Chambers at Miami, Florida, this 14th  day of April, 2016.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:      Counsel of record