UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-22674-KMM

JULIEN BOURHIS,

    Plaintiff,

v.

MY TRADE LLC, a Florida Limited Liability
Company, MOHAMED HADJ-MERABET,
And SEBBAH Y. HADJ-MERABET,
individually

    Defendants.
                                                 /

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

This cause is before the Court on Plaintiff Julien Bourhis's Motion to Strike Defendant My Trade LLC, Mohamed Hadj-Merabet, and Sebbah Y. Hadj-Merabet's Affirmative Defenses (ECF No. 85). The matter has been fully briefed and is ripe for review. For the reasons that follow, the Motion to Strike is granted in part and denied in part.

**I.     BACKGROUND**

This is an action by Plaintiff Julien Bourhis against Corporate Defendant My Trade, LLC ("My Trade"), and individual Defendants Mohamed Hadj-Merabet and Sebbah Y. Hadj-Merabet (collectively "Defendants"). The four-count Complaint (ECF No. 1) asserts wage and hour violations pursuant to the FLSA, 29 U.S.C. § 201 *et seq.* and retaliatory discharge pursuant to the FLSA and the Florida Whistleblower Act. *See generally* Compl. As relief, Bourhis seeks unpaid overtime wages, attorney's fees and costs, and reinstatement of Bourhis' position at My Trade. *Id.*

After the Court denied Defendants' Motion to Dismiss on March 12, 2016 (ECF No. 70), Defendants filed their (untimely) Answer and Affirmative Defenses ("Answer") (ECF No. 74) on April 5, 2016. Bourhis now moves to strike Affirmative Defenses 1–6, 8, 10–11, and 16–20 arguing that the defenses lack specificity, are denials, or are impermissible. *See* Pl.'s Mot. to Strike (ECF No. 85). Defendants have agreed to withdraw affirmative defenses 2, 4, 16, and 18, as well as the waiver and laches defenses stated within Defendants' Eighth Affirmative Defense. *See* Def.'s Resp. (ECF No. 90). The Court now turns to the remaining, contested affirmative defenses.

## II.   LEGAL STANDARD

Federal Rules of Civil Procedure 12(f) authorizes a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although a court has broad discretion when considering a motion to strike, *see Morrison v. Exec. Aircraft Refinishing Co.*, 434 F. Supp. 2d 1314, 1317–18 (S.D. Fla. 2005), striking a defense from a pleading is a drastic remedy generally disfavored by courts. *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011). For that reason, a motion to strike an affirmative defense is typically denied unless the defense (1) has no possible relation to the controversy, (2) may cause prejudice to one of the parties, or (3) fails to satisfy the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 8:15-CV-1745-T-30MAP, 2015 WL 5098877, at *1 (M.D. Fla. Aug. 31, 2015).

The pleading requirements of Federal Rule of Civil Procedure 8 requires that a defendant "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A); *see also Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013).

"Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff 'fair notice' of the nature of the defense and the grounds upon which it rests." *Adams*, 294 F.R.D. at 671 (citation omitted).[1] Thus when a defendant states no more than bare-bones, conclusory allegations, the court must strike the affirmative defense. *Id.* (citation omitted).

## III. ANALYSIS

### A. Affirmative Defenses 1, 3, 5 and 6

As a preliminary matter, Defendants concede that Affirmative Defenses 1, 3, 5 and 6 are not affirmative defenses, but rather denials. "When a defendant labels a specific denial as an affirmative defense, the proper remedy is not to strike the defense, but instead to treat it as a denial." *Adams*, 294 F.R.D. at 671 (citing 5 Charles Alan Wright et al., Federal Practice and Procedure § 1269 (3d ed. Westlaw 2013); *Home Mgmt. Solutions, Inc. v. Prescient Inc.*, No. 07–20608, 2007 WL 2412834, at *2–3 (S.D. Fla. Aug. 21, 2007)). Accordingly, the Court will deny the Motion to Strike as to Affirmative Defenses 1, 3, 5 and 6, and will treat those defenses as denials.

### B. Affirmative Defenses 10 and 19

Plaintiff argues that Defendants' Tenth and Nineteenth Affirmative Defenses fail to meet Rule 8's pleading standard. Defendants' Tenth Affirmative Defense states:

> At no time did Defendant act "willfully" within the meaning of the FLSA. Therefore, Plaintiff is barred from recovering liquidated damages. Furthermore, Plaintiff's claim for liquidated damages under the FLSA is barred on the grounds

---

[1] Though there has been some disagreement among district courts in this circuit over the standard required for pleading affirmative defenses, this Court has held that the heightened pleading standard of *Twombly* and *Iqbal* does not apply to affirmative defenses. *See Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678 (S.D. Fla. 2015) (collecting cases and joining the "growing number of courts in this circuit and others in finding that a lower pleading standard applies to affirmative defenses").

3

> that, pursuant to 29 U.S.C. §§ 258(a) and 259(a), Defendant, in good faith, has acted in conformity with and in reliance upon written administrative regulations regarding the acts or admissions alleged in the Complaint and its actions were neither wrongful nor reckless.

Def.'s Answer (ECF No. 74). Defendants' Nineteenth Affirmative Defense states: "The Complaint is barred, in whole or in part, because Defendant has at all times acted reasonably and in good faith with respect to its obligations pursuant to 29 C.F.R. section 516." *Id.* Although lacking in detail the Court finds that the Tenth and Nineteenth Affirmative Defenses put Plaintiff on notice that Defendants will assert good faith defenses to Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 258–260. *See Colon v. Wal-Mart Stores, Inc.*, No. 2:13-CV-464-FTM-29, 2014 WL 1588463, at *2 (M.D. Fla. Apr. 21, 2014). Accordingly, the Court will deny the Motion as to Defendants' Tenth and Nineteenth Affirmative Defenses.

    C.  Affirmative Defenses 11 and 20

Defendants' Eleventh and Twentieth Affirmative Defenses assert the defense of setoff. Plaintiff argues that setoff is not appropriate in FLSA cases pursuant to *Brennan v. Heard*. 491 F.2d 1, 4 (5th Cir. 1974) (holding that setoff may not result in sub-minimum wage payments to an employee). Courts have clarified, however, that *Brennan* does not prohibit a setoff defense where the setoff will not result in sub-minimum wage payments to the employee. *See, e.g.*, *Singer v. City of Waco, Tex.*, 324 F.3d 813, 828 n. 9 (5th Cir. 2003). So, for example, where Defendants have provided extra compensation by a premium rate paid for weekends or holidays, those extra payments may be creditable toward overtime compensation. *See Morrison*, 434 F. Supp. 2d at 1320 (noting that the FLSA explicitly provides that certain payments made by an employer shall be creditable toward overtime compensation).

Here, Defendants' Eleventh Affirmative Defense states merely that "[a]ny amounts due to Plaintiff should be set off by payments received by Plaintiff from Defendant." Defendants'

4

Twentieth Affirmative Defense states: "The Complaint is barred, in whole or in part, by the doctrine of setoff." Def.'s Answer (ECF No. 74). These conclusory statements set forth no facts which would inform Plaintiff or the Court what debts or obligations Plaintiff owes to Defendants to support a setoff defense. Without more, the Court cannot determine whether Defendants' setoff defense is permissible under *Brennan*. Accordingly, the Court will strike Affirmative Defenses 11 and 20.

    D.  Affirmative Defense 8

Defendants' Eighth Affirmative Defense states: "The Complaint is barred, in whole or in part, by the common law doctrines of unclean hands, estoppel, waiver, and/or laches." Defendants have agreed to withdraw the defenses of waiver and laches but disputes Plaintiff's Motion to Strike as to the defenses of estoppel and unclean hands.

As to the defense of estoppel, courts generally do not accept estoppel as an affirmative defense to an FLSA claim. *See Morrison*, 434 F. Supp. 2d at 1320. Though some courts have held that a limited estoppel defense exists where an employee "affirmatively misleads the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours," *see, e.g.*, *McGlothan v. Walmart Stores, Inc.*, No. 6:06-CV-94-ORL-28JGG, 2006 WL 1679592, at *2 (M.D. Fla. June 14, 2006), the Court finds that Defendants have provided no factual basis whatsoever to support its application here.

Similarly, Defendants fail to allege any facts which show wrongdoing by Plaintiff to support the defense of unclean hands. *See Aidone v. Nationwide Auto Guard LLC*, 295 F.R.D. 658, 661 (S.D. Fla. 2013) (citations omitted) ("The doctrine of unclean hands requires a showing that plaintiff's wrongdoing is directly related to the claim against which it is asserted, and

defendant suffered a personal injury as a result."). Accordingly, the Court will strike Defendants' Eighth Affirmative Defense as to unclean hands and estoppel.

E. Affirmative Defense 17

Defendants' Seventeenth Affirmative Defense states: "Defendant reserves the right to assert additional affirmative defenses or counter-claims, which may become known during the course of discovery. Defendants reserve all other defenses available under the FLSA." This reservation of rights is not an affirmative defense, as it does not respond to the Complaint or raise facts which negate Plaintiff's claims. *See Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233, at * 4 (S.D. Fla. July 31, 2009) (citation omitted). Accordingly, the Court will strike Defendants' Seventeenth Affirmative Defense.

IV. CONCLUSION

For the foregoing reasons, it is hereby ordered and adjudged that Bourhis's Motion to Strike Affirmative Defense (ECF No. 85) is granted in part and denied in part as follows:

1. The Motion to Strike is granted as to the unclean hands and estoppel defenses contained within the Eighth Affirmative Defense, as well as Affirmative Defenses 11, 17 and 20

2. The Motion to Strike is denied as to the waiver and laches defenses contained within the Eighth Affirmative Defense, as well as Affirmative Defenses 1, 3, 5, 6, 10 and 19

Done and ordered in Chambers at Miami, Florida, this  9th  day of May, 2016.

K. M. Moore

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: Counsel of record